# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| ZACHARY WOOTEN, | ) |
|                Plaintiff, | )  No. CV |
| v. | )  **COMPLAINT** |
| BNSF RAILWAY COMPANY, A Delaware corporation, | )  **JURY TRIAL DEMANDED** |
|                Defendant. | ) |

Plaintiff Zachary Wooten brings this Complaint against Defendant BNSF Railway Company ("BNSF"). In support, Mr. Wooten states and alleges as follows:

## PARTIES

1. Mr. Wooten resides in Columbia Falls, Montana.

2. At all times material herein, BNSF was and is a Delaware corporation organized and existing as a railroad carrier engaged in interstate commerce. BNSF maintains and operates a Montana Division Office located at 1555 Campus Way, Billings, MT 59102. Process can be served on BNSF's registered agent: Jeff Hedger, 2800 Central Avenue, Suite C, Billings, MT 59102-0000.

3. At all times material herein, Mr. Wooten was an employee of BNSF, having been hired as a Conductor on or around November 8, 2010, and working for BNSF consistently until his termination on or around September 29, 2015.

## JURISDICTION & VENUE

4. Counts I and II of this action (below) arise under the Federal Employers' Liability Act, codified at 49 U.S.C. §§ 51-60, and related statutes and regulations. The action is timely under this statute, as fewer than three years have elapsed since the occurrence of the injury.

5. Count III of this action (below) arises under the whistleblower protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. § 20109. On or about January 27, 2016, Mr. Wooten filed a complaint with the Secretary of Labor alleging that BNSF had violated one or more protections codified at 49 U.S.C. § 20109. This complaint was timely as less than 180 days had passed since adverse employment action suffered by Mr. Wooten. More than 210 days have elapsed since Mr. Wooten filed that complaint, the Secretary of Labor has not issued a final decision, and the delay is not due to any bad faith on the part of Mr. Wooten.

6. Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391. A substantial part of the events, acts, and/or omissions

giving rise to Mr. Wooten's claim in this action occurred in this judicial district. Mr. Wooten resides in this judicial district. And because BNSF conducts business in this judicial district and has sufficient contacts with this judicial district, this Court has personal jurisdiction over BNSF.

### COUNT I: FEDERAL EMPLOYERS' LIABILITY ACT

7. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

8. On or about July 31, 2015, Wooten was engaged in the course and scope of his employment for Defendant BNSF, and part of his duties as an employee of BNSF were in furtherance of interstate or foreign commerce and/or directly or closely and substantially affected such commerce.

9. While engaged in the scope of his employment, Mr. Wooten exited a BNSF locomotive and, in the process, heard a pop and felt pain in his right wrist while opening the exterior door of the locomotive when the door latch became stuck or otherwise failed to open.

10. Mr. Wooten exited the locomotive to conduct a "roll by" inspection. After completing the roll by, Mr. Wooten attempted to climb back into the locomotive. As he was climbing back onto the locomotive using both hands to grasp the hand rail ("grab bar") his right wrist gave away from the grab bar due in whole or in part to the injury he had

previously suffered on door latch described in the preceding paragraph, and Mr. Wooten fell onto the ballast, causing further injury.

11. As a result of the incident, Mr. Wooten suffered severe and disabling injuries to his arm and wrist.

12. The above-described injuries were caused, in whole or in part, by the negligence of BNSF and/or its employees. Such negligence includes, but is not limited to:

    a. Failure to exercise due and reasonable care in providing Mr. Wooten with a reasonably safe work environment;

    b. Failure to provide Mr. Wooten with reasonably safe equipment, tools, machinery, and/or personnel to perform his job;

    c. Failure to take reasonable adequate precautionary steps to protect Mr. Wooten from the reasonably foreseeable dangers associated with his work; and

    d. Other acts of negligence.

13. Due in whole or in part to BNSF's negligence, Mr. Wooten suffered injuries and has suffered and will continue to suffer physical and mental pain and/or anguish and loss of enjoyment of life.

14. Due in whole or in part to BNSF's negligence, Mr. Wooten suffered loss of wages and fringe benefits; may continue to sustain a loss of wages and fringe benefits into the future; may continue to suffer loss or diminution of his earning capacity; and has incurred and may continue to incur into the future expenses for medical, hospital, nursing, and related care.

15. As a result of the facts alleged, Mr. Wooten has been damaged both specifically and generally.

16. Mr. Wooten prays for the entry of a judgment in his favor against Defendant BNSF Railway Company for an amount in excess of the jurisdictional minimum of this Court, together with interest, costs, and such other damages as may be allowed by law.

### COUNT II – LOCOMOTIVE INSPECTION ACT

17. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

18. BNSF violated the Federal Locomotive Inspection Act, 49 U.S.C. § 20701, by using a locomotive that was not in proper condition and/or safe to operate without unnecessary danger of personal injury.

19. Due in whole or in part to BNSF's violation of the Locomotive Inspection Act, Mr. Wooten sustained a loss of wages and fringe benefits

and may continue to sustain a loss of wages and fringe benefits into the future; may continue to suffer permanent loss or diminution of earning capacity; and Mr. Wooten incurred and may incur into the future expenses for medical, hospital, nursing, and related care, the exact amount of which expenses Mr. Wooten is unable to accurately estimate and determine at this time.

20. Mr. Wooten prays for the entry of a judgment in his favor against Defendant BNSF Railway Company for an amount in excess of the jurisdictional minimum of this Court, together with interest, costs, and such other damages as may be allowed by law

### COUNT III – FEDERAL RAIL SAFETY ACT

21. Each and every preceding paragraph is incorporated herein in its entirety by this reference.

22. Mr. Wooten engaged in various incidents of protected activity, as statutorily defined by the whistleblower-protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. § 20109.  These protected activities include, but are not necessarily limited to:

    a. Notifying or attempting to notify BNSF of a work-related personal injury when he informed his engineer that he had injured his wrist on or about July 31, 2015;

  b. Reporting in good faith a hazardous safety condition when he informed his engineer of a defective latch on a locomotive door on or about July 31, 2015;

  c. Requesting medical treatment by way of having his engineer contact a BNSF dispatcher who, in turn, called for medical assistance;

  d. Notifying or attempting to notify BNSF of a work-related personal injury when he completed a personal injury report on or about August 2, 2015;

  e. Reporting in good faith a hazardous safety condition when he informed the railroad of a defective latch on a locomotive door in completing his personal injury report on or about August 2, 2015;

  f. Notifying or attempting to notify BNSF of a work-related personal injury when he provided further explanaition of the circumstances of his wrist injury during a meeting with his union representative and an employee of the BNSF claims department on or about August 3, 2015;

  g. Reporting in good faith a hazardous safety condition when he informed the railroad of a defective latch on

a locomotive door during a meeting with his union representative and an employee of the BNSF claims department on or about August 3, 2015;

 h. Notifying or attempting to notify BNSF of a work-related personal injury when he provided further explanation of the circumstance of his wrist injury during BNSF's on-property investigation on or about September 10, 2015; and

 i. Reporting in good faith a hazardous safety condition when he informed BNSF of a defective latch on a locomotive door during BNSF's on-property investigation on or about September 10, 2015.

23. BNSF, its officers, and/or its employees took actions to reprimand, suspend, or in some other way discriminate against Mr. Wooten, such as:

 a. On or about August 3, 2015, BNSF issued Mr. Wooten a notice of investigation;

 b. On or about September 10, 2015, BNSF subjected Mr. Wooten to an on-property investigation;

 c. On or about September 29, 2015, BNSF terminated Mr. Wooten's employment; and

      d.    On or around the time of each of these events, BNSF noted these things on Mr. Wooten's employment record, creating a potential for blacklisting.

24. At the time that BNSF took the above-described adverse actions, BNSF, its employees, and/or its officers were aware that Mr. Wooten had engaged in protected activity.

25. BNSF's decisions to reprimand, suspend, or discriminate in some other way against Mr. Wooten were due, in whole or in part, to his engagement in protected activity. That is evidenced by facts and circumstances including but not limited to the following:

      a.    There is close temporal proximity between the protected activities and the adverse action; and

      b.    Mr. Wooten's protected activity is "inextricably intertwined" with the adverse actions he was subjected to. *See Raye v. Pan Am Railways, Inc.*, 2013-FRS-84 (OALJ June 25, 2014) at pg. 10 (holding that when protected activity and adverse action are inextricably intertwined, there is a presumptive inference of causation), *aff'd*, No. 14-074, 2016 WL 5340238 (ARB Sept. 8, 2016).

26. As a result of the actions that BNSF and its decision-makers took to reprimand, suspend, or discriminate in some other way against Mr. Wooten, he has suffered damages that include but are not limited to:

    a. Loss of wages and benefits;

    b. Negative remarks in his personnel files that may lead to blacklisting;

    c. Emotional distress and/or loss of enjoyment of life; and

    d. Other consequential damages including but not limited to litigation costs and reasonable attorneys' fees.

27. Based on all of the allegations outlined above, Mr. Wooten demands and prays that the Court enter judgment in his favor and against Defendant BNSF Railway Company for all relief necessary to make Mr. Wooten whole, including but not limited to relief in the form of:

    a. An award of back pay with interest appropriately compounded;

    b. An award of benefits lost, including but not limited to credit for months of service that Mr. Wooten would have earned with the Railroad Retirement Board absent BNSF's unlawful termination of his employment;

      c.      An award for emotional distress, pain, suffering, and loss of enjoyment of life;

      d.      An award for any unreimbursed medical expenses, retraining tuition, and/or relocation costs;

      e.      An award for any and all other compensatory damages, including litigation costs and reasonable attorneys' fees;

      f.      An award for the negative tax consequences of compensatory damages;

      g.      An award of any other costs, disbursements, and interest allowed by law and/or equity; and

      h.      Relief requiring BNSF to:

            i. Immediately reinstate Mr. Wooten to his former position at the applicable rate, including all rights, seniority, and benefits—including applicable overtime—that Mr. Wooten would have enjoyed had BNSF never terminated his employment;

      ii. Permanently post notice of employees' rights under the FRSA in BNSF workplaces, as required by OSHA; and

      iii. Train its employees and officers on employees' rights under the FRSA.

28. Mr. Wooten also prays for punitive damages not to exceed $250,000 under 49 U.S.C. § 20109(e)(3) to punish BNSF for its unlawful activity and to deter BNSF from engaging in such unlawful activity in the future.

### DEMAND FOR TRIAL BY JURY

29. Mr. Wooten hereby makes and files a written demand for a trial by jury in this action on all issues so triable per 45 U.S.C. §§ 51-60, 49 U.S.C. §20109(d)(3), and/or any other controlling authority.

Dated: October 25, 2016      Respectfully Submitted,

By: */s/William G. Jungbauer*
William G. Jungbauer, #3223
John D. Magnuson, *pro hac vice* anticipated
Christopher W. Bowman, *pro hac vice* anticipated
Yaeger & Jungbauer Barristers, PLC
2550 University Avenue West, Suite 345N
Saint Paul, MN 55114
T: (651) 288-9500
F: (651) 288-0227
E: wgjgrp@yjblaw.com

*Attorneys for Plaintiff Zachary Wooten*