IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



ZACHARY WOOTEN,

    Plaintiff,

vs.

BNSF RAILWAY COMPANY, a
Delaware corporation,

    Defendant.

CV 16–139–M–DLC–JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation and Order in this case on May 29, 2018, recommending the denial of the Parties' cross-motions for partial summary judgment on Plaintiff Zachary Wooten's ("Wooten") Federal Railroad Safety Act ("FRSA") claim and Defendant BNSF Railway Company's ("BNSF") Motion for Summary Judgment on Wooten's Locomotive Inspection Act ("LIA") claim. (Doc. 200 at 49.) BNSF timely objected to Judge Lynch's recommendations and also objected to his order precluding the deposition of Greg Smith and denying BNSF's motion to compel an examination of Wooten's cell phone. (Docs. 218; 220.) Consequently, BNSF is entitled to de novo review of those findings and recommendations to which it has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court

reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Additionally, when a party objects to the magistrate's order on a pretrial matter, this Court may reconsider the magistrate's order if the party "show[s] that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas*, 474 U.S. at 153. There is no benefit to the judiciary "if the district court[] is required to review the entire matter de novo because the objecting

party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at *2 (internal quotation marks and citation omitted).

For the following reasons, Judge Lynch's Findings and Recommendation and Order will be adopted in full.

## DISCUSSION[1]

### I. BNSF's Motion for Partial Summary Judgment on Wooten's FRSA Claim

Under the Federal Railroad Safety Act:

> A railroad carrier engaged in interstate or foreign commerce, . . . may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done, or perceived by the employer to have been done or about to be done—
>
> . . . .
>
> to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness of an employee.

49 U.S.C. § 20109(a)(4). Pursuant to § 20109(d)(2)(A), employees alleging violation of § 20109(a) must abide by the procedures set forth in 49 U.S.C. § 42121(b).

---

[1] As the factual background in this case is well known to both the Court and the Parties, it will not be repeated here to the extent unnecessary to the Court's discussion.

-3-

Claims under the FRSA, as governed by § 42121(b), are analyzed under a burden-shifting framework which "is much more protective of plaintiff-employees" than other burden-shifting frameworks. *Araujo v. New Jersey Transit Rail Operations, Inc.*, 708 F.3d 152, 158 (3d Cir. 2013). First, Plaintiff must show, by a preponderance of the evidence, that: (1) he engaged in a protected activity as defined by statute; (2) the employer knew he engaged in the protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable personnel action. 49 U.S.C. § 42121(b); *Araujo*, 708 F.3d at 157; *Tamosaitis v. URS Inc.*, 781 F.3d 468, 481 (9th Cir. 2015). If Plaintiff makes this prima facie showing, then "the burden shifts to the employer to demonstrate, 'by clear and convincing evidence, that the employer would have taken the same unfavorable personnel action in the absence of that behavior.'" *Araujo*, 708 F.3d at 159 (quoting § 42121(b)(2)(B)(ii)).

Of relevance here, the Parties filed cross-motions for summary judgment on the fourth element of Wooten's prima facie case. Judge Lynch concluded, and this Court agrees, that summary judgment is not appropriate on this element in favor of either party. Wooten has come forward with sufficient evidence to raise a genuine issue of material fact as to whether BNSF retaliated against him for reporting an on the job injury. While BNSF is correct that the district judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected

-4-

to," (Doc. 218 at 4 (quoting L.R. 72(b)(3))) it is incorrect in its assertion that the Court is obligated to do so in this case.

An objection to a magistrate's findings and recommendations is not a vehicle for the losing party to relitigate its case, which is precisely what BNSF has done here. In these situations, this Court follows other courts that have overruled the objections without analysis. *Hagberg v. Astrue*, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). BNSF's only addition to the arguments already weighed and discounted by Judge Lynch is its assertion that a deposition which occurred after the issuance of Judge Lynch's Findings and Recommendations and Order provides information refuting any basis upon which any reasonable fact-finder could find retaliatory motive—namely, the testimony of one Mark Premrock stating that Wooten's supervisor's overall rating dropped from prior years. (Doc. 218 at 12.) The Court does not share BNSF's conviction concerning the conclusiveness of its new evidence and will leave the weighing of this unresolved factual dispute to the jury.

BNSF further requested summary judgment on Wooten's FRSA claim for failure to exhaust as well as on Wooten's punitive damages claim. Judge Lynch recommended denying summary judgment on both fronts. BNSF's objections to Judge Lynch's recommendations regarding punitive damages and failure to exhaust administrative remedies are again deficient as they are nearly verbatim

-5-

recitations of the arguments and authority already before Judge Lynch. Consequently, all of BNSF's objections to Judge Lynch's recommendation regarding Wooten's FRSA claim are overruled.

## II. Wooten's Motion for a Protective Order Precluding the Deposition of Greg Smith and BNSF's Motion to Compel the Forensic Examination of Wooten's Cell Phone

Nearly three months after the close of discovery, on May 8, 2018, BNSF noticed the depositions of Greg Smith (whom BNSF had previously deposed), Nick Palicz, and Rusty Weber. On May 16, 2018, Wooten requested a protective order precluding the three depositions. (Doc. 181.) While recognizing that the depositions would be untimely, BNSF contended that the depositions were necessary because recently discovered text messages indicated that Greg Smith had lied in his prior deposition and that all three individuals had previously undisclosed information regarding the possibility that Wooten had injured himself during a night of heavy drinking prior to reporting to work on July 31, 2015. Additionally, BNSF moved to compel a forensic examination of Wooten's cell phone based upon its contention that Wooten deleted relevant text messages between him and Greg Smith relating to the night of drinking.

Judge Lynch denied Wooten's request for a protective order as to Nick Palicz and Rusty Weber but granted it in regard to Greg Smith. Judge Lynch also denied BNSF's request to compel a forensic examination of Wooten's cell phone.

(Doc. 200 at 48–49.) Judge Lynch made these decisions based upon his finding that the requests were untimely and, specifically regarding the request to depose Greg Smith, BNSF had "not shown good cause for deposing him a second time." (*Id.* at 48.) This Court must defer to Judge Lynch's order unless it is clearly erroneous or contrary to law. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). In essence, BNSF objects to Judge Lynch's decisions to preclude Greg Smith's continued deposition and deny their motion to compel the forensic examination of Wooten's cell phone because, in BNSF's view, Judge Lynch failed to appreciate how good of a reason there is for this additional discovery. Additionally, BNSF takes issue with the fact that Judge Lynch allowed two depositions but denied the other requests when the reason supporting all of the requests was the same—newly discovered text messages implicated the veracity and completeness of previous discovery. (Doc. 220 at 5–6.) BNSF does not cite to any legal authority to support its contention that Judge Lynch's decisions were clearly erroneous.

The fact of the matter is that the district court "has wide discretion in controlling discovery . . . [and] will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Judge Lynch made his decisions based upon his uncontroverted finding that the requests for depositions and forensic examination were untimely. The Court can find no

clear error in this determination. Further, the Court finds that it is squarely within the broad discretion allotted to the Court to grant some discovery requests while denying others, even if the basis for the requests is the same, despite BNSF's unsupported assertions to the contrary. Accordingly,

IT IS ORDERED that Judge Lynch's Findings and Recommendations and Order (Doc. 200) are ADOPTED IN FULL. The Parties' cross-motions for partial summary judgment on Wooten's FRSA claim (Docs. 99; 105) are DENIED and BNSF's Motion for Summary Judgment on Wooten's LIA claim (Doc. 102) is DENIED.

DATED this 18th day of September, 2018.

Dana L. Christensen, Chief Judge
United States District Court