

ZACHARY WOOTEN,

Plaintiff,

vs.

BNSF RAILWAY COMPANY, a
Delaware Corporation,

Defendant.

CV 16–139–M–DLC

ORDER

On August 18, 2017, Defendant BNSF Railway Company's ("BNSF") filed a Motion to Bifurcate (Doc. 39) the trial of Plaintiff Zachary Wooten's ("Wooten") Federal Employers' Liability Act ("FELA") and Locomotive Inspection Act ("LIA") claims from the trial of his Federal Railroad Safety Act ("FRSA") claim. Additionally, BNSF moved for the bifurcation of the liability and punitive damages phases of trial. On October 17, 2017, United States Magistrate Judge Jeremiah C. Lynch issued an Order denying BNSF's Motion in its entirety. (Doc. 43 at 9.) On October 31, 2017, BNSF filed an objection to Judge Lynch's Order. (Doc. 44.) For the following reasons, BNSF's objection will be overruled.

-1-

Title 28 U.S.C. § 636(b)(1)(A) allows for the designation of a magistrate judge to hear and determine "any pretrial matter pending before the court," with the exception of eight types of motions:

> [A] motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

"If the matter is not dispositive of a claim or defense of a party, a magistrate may enter 'a written order setting forth [his] disposition.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (quoting Federal Rule of Civil Procedure 72(a) (1991)). This Court must defer to the magistrate's order unless it "has been shown that the magistrate judge's order is clearly erroneous or contrary to law." § 636(b)(1)(A).

Although the list of excepted matters in § 636(b)(1)(A) appears exhaustive, the Supreme Court has identified some judicial functions as dispositive notwithstanding the fact that they have not been listed. *See, e.g., Gomez v. United States*, 490 U.S. 858, 873–74 (1989) (holding that jury selection is a matter analogous to those listed and, accordingly, not susceptible to magistrate disposition). Here, BNSF contends that Judge Lynch's decision on its Motion to

Bifurcate is akin to the types of matters excepted from determination by a magistrate judge under § 636(b)(1)(A). (Doc. 44 at 2–3.) The Ninth Circuit has adopted a "functional approach" to determining whether a motion is dispositive which looks "to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015) (internal quotation marks omitted). A motion is non-dispositive where it "does not dispose of any claims or defenses and does not effectively deny any ultimate relief sought." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015) (internal quotation marks and alterations omitted). Judge Lynch's Order denying bifurcation does not dispose of any claims or defenses and does not effectively deny the ultimate relief sought. Consequently, the Court looks to whether BNSF has shown that Judge Lynch's Order is clearly erroneous or contrary to law. § 636(b)(1)(A).

The decision of whether or not to bifurcate trial for any of the reasons provided in Federal Rule of Civil Procedure 42(b) is within the broad discretion of the trial court. In fact, "Rule 42(b) merely *allows*, but does not require, a trial court to bifurcate cases in furtherance of convenience or to avoid prejudice." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (internal quotation marks omitted). BNSF continues to belabor the prejudice

-3-

it perceives will befall it in the event Wooten's claims are tried together. (Doc. 44 at 4–10.) Nonetheless, the Court agrees with Judge Lynch that "any possibility of prejudice can be reduced or eliminated by the use of limiting instructions to the jury," a solution which is nothing new to this Court. (Doc. 43 at 4.) Further, the Court is convinced that considerations of convenience, expeditiousness, and judicial economy all weigh heavily in favor of trying this case at one fell swoop—particularly in light of the dismaying lack of cooperation between the parties which has hindered litigation thus far. Consequently, the Court finds no clear error in Judge Lynch's decision to deny BNSF's Motion. Accordingly,

IT IS ORDERED that BNSF's Objection (Doc. 44) is OVERRULED.

DATED this 19th day of September, 2018.

Dana L. Christensen, Chief Judge
United States District Court