William G. Jungbauer, #3223
John D. Magnuson, #34217502
Christopher W. Bowman, *pro hac vice*
YAEGER & JUNGBAUER BARRISTERS, PLC
4601 Weston Woods Way
St. Paul, MN 55127
(651) 288-9500 – telephone
(651) 288-0227 – facsimile
wjungbauer@yjblaw.com; jmagnuson@yjblaw.com;
cbowman@yjblaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| ZACHARY WOOTEN, | ) | Cause No. 16-CV-139-DLC-JCL |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF ZACHARY WOOTEN'S** |
| | ) | **BRIEF IN SUPPORT OF MOTION** |
| vs. | ) | **FOR ATTORNEYS' FEES AND** |
| | ) | **NON-TAXABLE COSTS** |
| BNSF RAILWAY COMPANY, a | ) | **PURSUANT TO 49 U.S.C. § 20109** |
| Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

[This space purposefully left blank.]

## TABLE OF CONTENTS

Table of Contents ........................................................................................ 2

Table of Authorities ................................................................................... 3

Introduction ................................................................................................ 5

Factual Background .................................................................................... 5

Argument & Authority ............................................................................... 5

    I.   Specification of Judgment and Statute, Rule, or Other Grounds Entitling Wooten to an Award of Attorneys' Fees and Other Nontaxable Costs. ......................................................................................................... 6

    II.   Fees ...................................................................................................... 8

        a.  Hourly Rate ...................................................................................... 11

        b.   Number of Hours ........................................................................... 12

        c.  Presumptive Lodestar Calculation ............................................... 13

        d.   Adjustment to Lodestar Calculation ............................................ 14

    III.  Litigation Expenses ........................................................................... 16

        a.  Postage & Shipping Costs .............................................................. 17

        b.   Travel Expenses ............................................................................. 17

        c.  Legal Research Databases .............................................................. 23

        d.   Transcript & Videographer Expenses .......................................... 24

        e.  Total Litigation Expenses .............................................................. 27

    IV.  Expert Witness Fees .......................................................................... 27

Conclusion ................................................................................................ 28

Exhibit Index ............................................................................................ 30

Certificate of Compliance ........................................................................ 31

# TABLE OF AUTHORITIES

## CASES

*Barati v. Metro-N. R.R. Co.*, 939 F.Supp.2d 153 (D. Conn. 2013) ............ 7, 9

*Bowman v. Block*, 940 F.2d 1211 (9th Cir. 1991), *cert. denied* 502 U.S. 1005 (1991) ................................................................................................... 10

*Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986) ................. 6

*City of Burlington v. Dague*, 505 U.S. 557 (1992) ....................................... 14

*Davis v. City & Cnty of San Francisco*, 976 F.2d 1536 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir 1993)............... 14

*Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577 (9th Cir. 2010).................................................................................................... 16

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994)...................................... 6, 16

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983).............. 8, 9, 12

*Intel Corp v. Terabyte Int'l, Inc.*, 6 F.3d 614 (9th Cir. 1993). .................... 14

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976) ......................................................................... 13, 14

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2nd Cir. 1998) ..................... 8

*McCown v. City of Fontana*, 565 F.3d 1097 (9th Cir. 2009) ...................... 12

*Millea v. Metro North R. Co.*, 658 F.3d 154 (2nd Cir. 2011)........................ 9

*Missouri v. Jenkins*, 491 U.S. 274 (1989) ................................................... 10

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008)................... 12

*Moysis v. DTG Datanet*, 278 F.3d 819 (8th Cir. 2002) ................................. 8

*O'Neal v. Norfolk Southern R.R. Co.*, No. 5:16-CV-519 (M.D.Georgia Nov. 15, 2018)................................................................................................ 15

*Perdue v. Kenny A.*, 559 U.S. 542 (2012) ................................................. 8, 9

*Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319 (8th Cir. 1993) ............ 23

*Trustees of Const. Industry & Laborers Health & Welfare Trust v. Redland
Ins. Co.*, 460 F.3d 1253 (9th Cir. 2006) ..................................................... 23

*U & I Sanitation v. City of Columbus*, 112 F.Supp.2d 902 (D.Neb. 2000).... 7

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041 (9th Cir. 2000) 9, 14

*W. Virginia Univ. Hosps. v. Casey*, 499 U.S. 83 (1991) ............................... 7

*Wallis v. BNSF Ry. Co.*, 2014 WL 1648472 (W.D.Wash. April 23, 2014),
*aff'd*, No. 14-35448 (9th Cir. Feb. 21, 2017)................................... 7, 18, 29

*Woods v. Carey*, 722 F.3d 1177 (9th Cir. 2013).................................... passim

## STATUTES

49 U.S.C. § 20109................................................................................ passim

## RULES

D.Mont. L.R. 54.1 ............................................................................................ 4

D.Mont. L.R. 54.2 ............................................................................................ 5

Fed. R. Civ. P. 10(c) ...................................................................................... 15

Fed. R. Civ. P. 54.......................................................................... 4, 5, 15, 28

## INTRODUCTION

Plaintiff Zachary Wooten, by and through his undersigned counsel of record, submits the following brief in support of his contemporaneously filed Motion for Attorneys' Fees and Non-Taxable Costs Pursuant to 49 U.S.C. § 20109.

## FACTUAL BACKGROUND

Wooten brought this action against Defendant BNSF Railway Company ("the railroad") claiming in part that the railroad's September 29, 2015, termination of his employment was in violation of the whistleblower protections of the Federal Rail Safety Act ("FRSA"), codified at 49 U.S.C. § 20109.  On November 5, 2018, a seven-person Jury unanimously found that the railroad's termination of Wooten's employment violated the FRSA and awarded damages.[1]  The Court entered judgment against the railroad in the amount of $2,171,154.50 two days later.[2]

## ARGUMENT & AUTHORITY

Unless provided otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  A party's request for *taxable* costs under Rule 54 are limited by this Court's

---

[1] The Jury also found that Wooten had proven his claim under the Federal Employers' Liability Act and awarded damages under the FELA for the personal injuries he had suffered as a result of the railroad's established negligence.

[2] ECF No. 294.

Local Rule 54.1(b) (discussing costs taxable under Rule 54).  But the FRSA provides a broader provision, directing that an employee who prevails in an action raised under Section 20109 is "entitled to all relief necessary to make the employee whole . . . including litigation costs, expert witness fees, and reasonable attorney fees." 49 U.S.C. § 20109(e).

"Attorney fees will only be allowed upon an order of a judge." D.Mont. L.R. 54.2.  Motions for attorney's fees and related nontaxable expenses must: (1) be filed no later than 14 days after the entry of judgment, (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award, (3) state the amount sought or provide a fair estimate of it, and (4) if ordered by the court, disclose the terms of any agreement about fees for the services for which the claim is made.  Fed. R. Civ. P. 54(d)(2)(B).

## I.     Specification of Judgment and Statute, Rule, or Other Grounds Entitling Wooten to an Award of Attorneys' Fees and Other Nontaxable Costs.

A jury returned a unanimous verdict in Wooten's favor on November 5, 2018, and the District Court entered judgment on the verdict two days later.[3]  Wooten is therefore unquestionably the prevailing party in his FRSA

---

[3] *See* ECF Nos. 289 (Jury Verdict, Redacted), 291 (Jury Verdict on Punitive Damages, Redacted), 294 (Judgment in a Civil Case).  Unredacted copies of the Jury's verdicts are on file with the Court at ECF Nos. 288 & 290.

action.  As the prevailing party, the statute entitles Wooten to "all relief necessary to make [him] whole."  49 U.S.C. § 20109(e)(1).  Such relief "*shall* include . . . compensatory damages, including compensation for any special damages sustained as a result of the discrimination, including litigation costs, expert witness fees, and reasonable attorney fees."  49 U.S.C. § 20109(e)(2)(C) (emphasis added).

With regard to otherwise nontaxable costs, the Ninth Circuit has held that "out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees" in a Section 1988 civil-rights claim.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986).  The Court recently reaffirmed this principle, specifically holding that expenses such as photocopying, paralegal expenses, travel, and telephone costs are recoverable under a fee-shifting statute.  *Woods v. Carey*, 722 F.3d 1177, 1179 n.1 (9th Cir. 2013).  In another case, the court allowed for costs including messenger services, investigators, postage, cost of serving subpoenas, hotel bills, meals, and employment record reproduction to be assessed following a successful claim under Section 1988.  *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994).  And in the FRSA context, the Ninth Circuit has similarly interpreted Section 20109 as allowing for recovery of expenses beyond those taxable under Rule

54.  *See Wallis v. BNSF Ry. Co.*, 2014 WL 1648472 (W.D.Wash. April 23, 2014), *aff'd*, No. 14-35448 (9th Cir. Feb. 21, 2017).

While fees paid to expert witnesses have been limited under some fee-shifting statutes, *see, e.g., W. Virginia Univ. Hosps. v. Casey*, 499 U.S. 83, 102 (1991), such fees have not been limited under the FRSA.  *See Barati v. Metro-N. R.R. Co.*, 939 F.Supp.2d 153, 158 (D. Conn. 2013) (rejecting railroad's argument that expert witness fees should be reduced, noting that "the language of the FRSA does not limit the recovery of expert witness fees in any way").  Under the FRSA and *Barati*, the statutory provision in the FRSA specifies that expert costs are included in litigation expenses, mirroring language that Congress added to § 1981 and other fee-shifting statutes in an attempt to override the Court's limiting expressed in *Casey*.

Statutory language, Congressional intent, and caselaw all unquestionably demonstrate that any costs that would ordinarily be billed to a fee-paying client may be recovered as costs by a victorious plaintiff in an FRSA action.

## II.    Fees

A prevailing party in a whistleblower case under the FRSA is entitled to attorneys' fees at the hourly rate for the relevant market.  *See U & I Sanitation v. City of Columbus*, 112 F.Supp.2d 902, 904 (D.Neb. 2000).

Generally, the relevant market is where the case is tried, but may be broadened if the market where the case was tried would not produce capable attorneys to undertake representation. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2012); *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002). "The district court retains discretion to determine . . . what constitutes a reasonable fee." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2nd Cir. 1998) (quotation marks omitted). But this discretion is not unfettered, and when a statute entitles a prevailing party to attorneys' fees, a district court must abide by the procedural requirements for calculating those fees as articulated by the Supreme Court and the applicable Circuit Court of Appeals.

The Ninth Circuit has adopted a hybrid lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983), as the proper method for determining the amount of attorneys' fees under fee-shifting statutes. This approach has two parts. First, the court must determine the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed, and a district court should exclude from the lodestar amount only those hours that were not

reasonably expended because they were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.  Second, a court may adjust the lodestar either upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar amount.  But because "[t]he lodestar amount is presumptively the reasonable fee amount . . . a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quotation omitted).

Both Circuit Courts of Appeal and the United States Supreme Court have recognized "that the lodestar—the product of a reasonable rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee.'" *Barati v. Metro-North R.R. Co.*, No. 3:10-CV-1756, Dkt No. 153 at pg. 1 (D. Conn. March 27, 2013) (quoting *Millea v. Metro North R. Co.*, 658 F.3d 154, 166 (2nd Cir. 2011)).  "A reasonable fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious case." *Id.* (quoting *Perdue*, 130 S. Ct. at 1667).

*a.  Hourly Rate*

As was demonstrated by the eleven-day trial in this matter, a claim brought under the FRSA's whistleblower protection provision requires knowledge and mastery of both railroad and employment litigation, two areas of law that are ripe with complexities unique to the particular field. Wooten's legal team brought nearly one hundred years of experience representing clients, as well as decades of experience specifically dealing with the railroad industry.  Courts have recognized that where, as here, the legal work has been performed over a period of years, the current hourly rates are proper for lodestar calculations in order to adjust for the delay in receiving payment.  *See Missouri v. Jenkins*, 491 U.S. 274, 283 (1989); *Bowman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991), *cert. denied* 502 U.S. 1005 (1991).  Given the background, experience, and credentials of Wooten's representation, as more fully discussed in the Declarations from the legal team offered in support of this motion, Wooten respectfully submits that the following rates are reasonable for the professional time

spent by his representatives in this matter:

| Name[4] | Position | Requested Rate | Reference |
|---------|----------|----------------|-----------|
| W. Jungbauer | Attorney | $600 | *See, generally,* Exhibit A; *see also* Exhibit C, ¶¶ 12-17 |
| J. Magnuson | Attorney | $400 | *See, generally,* Exhibit B; *see also* Exhibit B, ¶¶ 12-17 |
| C. Bowman | Attorney | $325 | *See, generally,* Exhibit C |
| M. McReynolds | Attorney | $400 | *See, generally,* Exhibit D; *see also* Exhibit B, ¶¶ 12-17 |
| N. Miller | Paralegal | $150 | Exhibit C, ¶ 22 |
| S. Colwell | Admin. Ass't | $100 | Exhibit C, ¶ 22 |

*b.  Number of Hours*

Wooten initially retained YJB in September 2015.  Since that time, a substantial number of hours have been incurred in prosecuting the file by attorneys, paralegals, and other support staff.  From the time YJB was retained through the filing of this motion, the relevant actors have spent the following time on the file:

| Name | Position | Hours (HH:MM) | Reference |
|------|----------|---------------|-----------|
| W. Jungbauer | Attorney | 754:49 | Exhibit A, ¶ 21; Exhibit A-1 |
| J. Magnuson | Attorney | 509:36 | Exhibit B, ¶ 9; Exhibit B-1 |
| C. Bowman | Attorney | 686:57 | Exhibit C, ¶ 24; Exhibit C-1 |
| M. McReynolds | Attorney | 57:12 | Exhibit D, ¶ 8; Exhibit D-1 |
| N. Miller | Paralegal | 385:32 | Exhibit C, ¶ 25; Exhibit C-2 |
| S. Colwell | Admin. Ass't | 58:35 | Exhibit C, ¶ 25; Exhibit C-3 |

---

[4] Wooten is not submitting billing records for YJB's investigator Jim Larkin.  Wooten is, however, requesting to be reimbursed for Investigator Larkin's expenses, discussed more fully below.

These times do not include time spent on ministerial tasks, nor do they include time that was spent solely on prosecution of Wooten's FELA and LIA claims.  Similarly, time records for which contemporaneous records could not be located are not submitted.  The above therefore represents a complete, but conservative, calculation of the hours expended in prosecution of Wooten's successful FRSA claim.

Aside from the specific exclusions discussed above, the time spent was not excessive, redundant, or otherwise unnecessary.  *See McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).  The hours therefore could reasonably have been billed to a private client, and are entirely proper to be awarded under a fee-shifting, *Lodestar* analysis.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *Hensley*, 461 U.S. at 434).  And a district court "should defer to the winning lawyer's professional judgment as to how much time . . . was required to spend on the case."  *Id.* at 1112.  This principle applies with particular force where, as here, the plaintiff's attorneys and support staff are working on a contingency basis, and therefore have little incentive to expend hours unnecessarily.

c.  *Presumptive Lodestar Calculation*

Based on the foregoing, the presumptive *lodestar* calculation in this

case is as follows:

| Name | Hourly Rate | Hours (HH:MM) | Fee (USD) |
|---|---|---|---|
| W. Jungbauer | $600 | 754:49 | $452,890.00 |
| J. Magnuson | $400 | 509:36 | $203,840.00 |
| C. Bowman | $325 | 686:57 | $223,258.75 |
| M. McReynolds | $400 | 57:12 | $22,880.00 |
| N. Miller | $150 | 385:32 | $57,830.00 |
| S. Colwell | $100 | 58:35 | $5,858.33 |
| | | **TOTAL** | **$966,557.08** |

### d. Adjustment to Lodestar Calculation

After determining the presumptively reasonable *lodestar* figure, the Court should determine whether to adjust the figure either upward or downward, based on factors not otherwise considered. This twelve-factor analysis was first articulated in the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied* 425 U.S. 951 (1976), in which the Ninth Circuit stated that Courts should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and

length of the professional relationship with the client; and (12) awards in similar cases.  526 F.2d at 69-70.  The continued precedential value of the "*Kerr* factors," however, has been called into doubt by subsequent caselaw. *See City of Burlington v. Dague*, 505 U.S. 557 (1992); *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984); *Davis v. City & Cnty of San Francisco*, 976 F.2d 1536 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir 1993).  Specifically, the Ninth Circuit has found that "[t]he *lodestar* amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation."  *Intel Corp v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The remaining *Kerr* factors may warrant upward or downward adjustments, so long as those adjustments are supported by specific evidence and on-the-record, detailed findings by the district court.  *Van Gerwen*, 214 F.3d at 1045.

Here, Wooten's legal team successfully obtained a verdict in Wooten's favor, resulting in the largest jury verdict awarded to date under the statute.  Additionally, the fee agreement is contingent on success. Analysis of the *Kerr* factors warrant, if anything, an *upward* adjustment of the *lodestar* calculation.  Wooten notes here that the Middle District of Georgia recently issued an attorney fee award where the Court, based on the

contingent nature of the award and its commentary that counsel in that case "attained a high degree of success," imposed a 1.33 multiplier on the lodestar award. *See O'Neal v. Norfolk Southern R.R. Co.*, No. 5:16-CV-519 (M.D.Georgia Nov. 15, 2018).[5]  Wooten asks for a similar modifier in this case, raising the award from the lodestar presumption of $966,557.08 to a total attorney-fee award of **$1,285,520.92**.

### III.    Litigation Expenses

Contemporaneously with the filing of the present motion, Wooten has submitted a Bill of Costs pursuant to Fed. R. Civ. P. 54 in this matter.[6]   To the extent that any of the costs submitted as part of that Bill of Costs are denied either by the Clerk or by the Court on review, Wooten incorporates the Bill of Costs as if fully set forth herein pursuant to Fed. R. Civ. P. 10(c) and respectfully requests that they be awarded as "litigation costs" recoverable under 49 U.S.C. § 20109(e)(2)(C).

Additionally, this brief outlines the litigation expenses that exist at the present time.  Like with fees, above, these litigation expenses will continue to increase as necessary for post-trial motions and any appeal.  Wooten reserves the right to supplement this request with additional supporting documentation as further expenses are incurred.  Additionally, there are

---

[5] A copy of the *O'Neal* order is attached as Exhibit P hereto.
[6] *See* ECF No. 295.

certain expenses for which supporting documentation could not be located. Mindful of this, Wooten has not submitted requests for reimbursement of any such expenses.

### a.  Postage & Shipping Costs

Postage fees are included in reasonable out-of-pocket litigation expenses that may be passed on under a fee or cost shifting provision.  See *Harris*, 24 F.3d at 19-20.  From inception of this case through the filing of this motion, Wooten has incurred **$1,281.62** in postage charges from the United States Postal Service ($85.13) and Federal Express ($1,196.49) related to this case.[7]

### b.  Travel Expenses

Travel expenses are generally recoverable as out-of-pocket expenses. *See, e.g., Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (discussing expense-shifting provision of Fair Credit Reporting Act).

Wooten incurred expenses for flights in this matter, as detailed below. Receipts for these flights are attached as Exhibit F hereto.  Wooten therefore requests that the Court award air-travel costs as recoverable litigation expenses as follows:

---

[7] Billing records from Federal Express and a table tracking USPS Postage expenses are attached as Exhibit E hereto.

| Dates | Person | Airports | Purpose | Cost |
|---|---|---|---|---|
| 1/19/17-1/25/17 | WGJ | MSP-SEA-FCA-MSO | Pretrial Conference | $746.20[8] |
| 1/23/17-1/25/17 | JDM | MSP-MSO | Pretrial Conference | $746.20 |
| 1/23/17-1/25/17 | CWB | MSP-MSO | Pretrial Conference | $746.20 |
| 1/22/17 | JJL | SEA-SLC-FCA | Pretrial Conference | $645.80 |
| 6/21/17 | WGJ | MSP-BIL | Depositions | $405.20 |
| 6/30/17 | WGJ | FCA-MSP | Depositions | $5.60[9] |
| 8/14/17-8/17/17 | WGJ | MSP-FCA | Meeting with Witnesses | $837.40 |
| 10/9/17-10/13/17 | JDM | MSP-GTF | Depositions & Inspection | $401.70[10] |
| 10/10/17-10/13/17 | WGJ | MSP-GTF | Depositions | $592.20[11] |
| 10/16/17 | Client | FCA-SLC-MSP | Meeting with Attorneys | $1,422.60 |
| 12/17/17-12/22/17 | WGJ | MSP-MSO | Motions Hearing & Depositions | $1,020.40 |
| 1/23/18-1/24/18 | WGJ | MSP-DFW | Deposition of Laurence Fernandes | $657.60 |
| 1/23/18-1/24/18 | NJM | MSP-DFW | Deposition of Laurence Fernandes | $717.60 |
| 2/21/18-2/23/18 | WGJ, CWB | MSP-MSO | Motions Hearing | $2,441.20 |
| 3/13/18-3/15/18 | JDM | MSP-SEA | Deposition of Edward Baker | $1,187.60 |

---

[8] Trip expense split with another matter.  Billing submitted is to match JDM and CWB flights, below.

[9] Additional redemption of 45,000 miles.

[10] Flight expense split with another matter.  Billing submitted is one-half of total cost.

[11] Flight expense split with another matter.  Billing submitted is one-half of total cost.

| Dates | Person | Airports | Purpose | Cost |
|---|---|---|---|---|
| 5/21/18-5/24/18 | WGJ | MSP-MSO | Motions Hearing | $842.40 |
| 5/21/18-5/23/18 | CWB | MSP-MSO | Motions Hearing | $1,020.00 |
| 10/17/18-11/6/18 | JDM | MSP-MSO | Trial | $1,144.40 |
| 10/17/18-11/6/18 | CWB | MSP-MSO | Trial | $721.40[12] |
| 10/17/18-11/7/18 | WGJ | MSP-MSO | Trial | $834.40[13] |
| 10/17/18-11/7/18 | NJM | MSP-MSO | Trial | $1,005.40 |
| | | | **TOTAL** | **$18,141.50** |

Courts have also generally allowed meal expenses for persons travelling. *See Wallis v. BNSF Ry. Co.*, No. 2:13-CV-40-TSZ, ECF No. 136, pg. 18 (W.D.Wash. April 23, 2014).[14]  Mindful of Judge Zilly's directive in *Wallis* and Judge Lasnik's comments in *Rookaird v. BNSF Ry. Co.*[15], Wooten requests meals for the above-referenced travel according to the generally accepted per diem rates[16] as follows:

| Dates | No. of Days | Person(s) | Location | Per Diem Rate (First & Last Day) | Cost |
|---|---|---|---|---|---|
| 1/22/17-1/25/17 | 4 | WGJ, JJL | Missoula & Flathead | $61 ($45.75) | $427.00 |
| 1/23/17-1/25/17 | 3 | JDM, CWB | Missoula | $61 ($45.75) | $305.00 |

---

[12] Includes date change for MSO→MSP flight at no additional charge.

[13] Includes date change for MSO→MSP flight for additional charge of $60.00.

[14] The *Wallis* order is attached as Exhibit G hereto.

[15] The relevant excerpt from the transcript of the *Rookaird* motion is attached as Exhibit H hereto.

[16] Printouts from the United States General Services Administration detailing appropriate per diem rates for the respective locations are attached as Exhibit I hereto.

| Dates | No. of Days | Person(s) | Location | Per Diem Rate (First & Last Day) | Cost |
|---|---|---|---|---|---|
| 6/21/17-6/30/17 | 10 | WGJ, JJL | Billings & Flathead | $61 ($45.75) | $1,159.00 |
| 8/14/17-8/17/17 | 4 | WGJ | Flathead | $61 ($45.75) | $213.50 |
| 10/9/17-10/13/17 | 5 | WGJ, JDM | Havre | $55 ($41.25) | $495.00 |
| 10/16/17 | 1 | Client | St Paul | $76 ($57) | $57.00 |
| 12/17/17-12/22/17 | 6 | WGJ | Missoula & Flathead | $61 ($45.75) | $335.50 |
| 1/23/18-1/24/18 | 2 | WGJ, NJM | Dallas Fort Worth | $66 ($49.50) | $198.00 |
| 2/21/18-2/23/18 | 3 | WGJ, CWB | Missoula | $61 ($45.75) | $305.00 |
| 3/13/18-3/15/18 | 3 | JDM | Seattle | $76 ($57) | $190.00 |
| 5/21/18-5/23/18 | 3 | CWB | Missoula | $61 ($45.75) | $152.50 |
| 5/21/18-5/24/18 | 4 | WGJ, JJL | Missoula | $61 ($45.75) | $411.00 |
| 10/17/18-11/6/18 | 21 | JDM, CWB, JJL | Missoula | $61 ($45.75) | $3,751.50 |
| 10/19/18-11/6/18 | 19 | Client | Missoula | $61 ($45.75) | $1,128.50 |
| 10/17/18-11/7/18 | 22 | WGJ, NJM | Missoula | $61 ($45.75) | $2,623.00 |
| | | | | **TOTAL** | **$11,751.50** |

In addition to air travel and meal expenses, Wooten incurred Ground Travel expenses. These expenses, detailed in Exhibit J hereto, may be

summarized as follows:

| Dates | Traveler | Description | Cost |
|---|---|---|---|
| 1/23/17-1/25/17 | JJL | Mileage from Spokane WA to Missoula MT (R/T) (396 miles) | $215.82 |
| 8/14/17-8/17/17 | WGJ | Rental Car - Witness Meetings | $406.22 |
| 10/9/17-10/13/17 | WGJ, JDM | Rental Car for Deposition Trip | $217.22 |
| 12/22/17 | WGJ | Taxi Cab from MSP to House after Deposition Trip | $69.17 |
| 1/23/18 | WGJ, NJM | Taxi Cab from DFW to Hotel for Fernandes Deposition | $25.00 |
| 1/24/18 | WGJ, NJM | Taxi Cab from Hotel to DFW after Fernandes Deposition | $40.00 |
| 2/21/18-2/23/18 | WGJ, CWB | Rental Car for Court Hearing | $187.44 |
| 2/23/18 | WGJ, CWB | Taxi from MSP Airport to YJB Offices After Hearing | $72.28 |
| 5/21/18-5/24/18 | JJL | Mileage from Spokane WA to Missoula MT (R/T) (396 miles) | $215.82 |
| 5/21/18-5/24/18 | CWB | Mileage from House to MSP Airport (R/T) (55.2 miles) | $30.08 |
| 5/24/18 | CWB | Parking @ MSP Airport for May 2018 Hearings | $72.00 |
| 10/17/18 | CWB | Uber from House to MSP Airport for Trial | $44.48 |
| 10/17/18 | NJM | Uber from House to MSP Airport for Trial | $26.37 |
| 10/17/18-11/6/18 | JJL | Mileage from Spokane WA to Missoula MT (R/T) (396 miles) | $215.82 |
| 10/17/18-11/7/18 | Trial Team | Rental Car During Trial | $1,517.79 |
| 10/18/18-11/5/18 | Trial Team | Parking During Trial | $215.25 |
| 11/2/18 | Trial Team | Gas for Rental Car (Costco) | $42.31 |
| 11/6/18 | CWB | Uber from MSP Airport to House after Trial | $45.69 |
| 11/7/18 | NJM | Uber from MSP Airport to House after Trial | $39.68 |
| 11/7/18 | Trial Team | Gas for Rental Car (CHS-Mountain West) | $17.63 |
| | | **TOTAL** | **$3,716.07** |

Finally, Wooten has incurred hotel costs over the course of this case. These costs are itemized in the receipts attached as Exhibit K hereto, and may be summarized as follows:

| Dates | Occupant(s) | Purpose | Cost |
|---|---|---|---|
| 1/22/17-1/23/17 | WGJ | Meeting with Client Before Pretrial Conference | $104.72 |
| 1/23/17-1/25/17 | WGJ | Pretrial Conference | $232.98[17] |
| 1/23/17-1/25/17 | JDM | Pretrial Conference | $233.20[18] |
| 1/23/17-1/25/17 | CWB | Pretrial Conference | $233.20[19] |
| 1/23/17-1/25/17 | JJL | Pretrial Conference | $232.98[20] |
| 6/21/17-6/23/17 | WGJ | Depositions (Billings) | $368.87[21] |
| 6/21/17-6/23/17 | JJL | Depositions (Billings) | $368.87 |
| 6/23/17-6/30/17 | WGJ | Depositions (Flathead) | $1,622.21[22] |
| 6/23/17-6/30/17 | JJL | Depositions (Flathead) | $1,622.21[23] |
| 8/16/17-8/17/17 | WGJ | Meeting with Witnesses (in Missoula) | $252.38[24] |
| 10/9/17-10/13/17 | JDM | Depositions | $672.32[25] |
| 10/13/17-10/14/17 | WGJ, JJL | Depositions | $254.50 |
| 12/17/17-12/19/17 | WGJ | Depositions & Court Hearing (Missoula) | $225.49 |
| 12/19/17-12/22/17 | WGJ | Depositions (Flathead) | $306.67[26] |
| 1/23/18-1/24/18 | WGJ, NJM | Laurence Fernandes Deposition | $358.21 |
| 2/21/18-2/23/18 | WGJ | Motions Hearing | $215.92[27] |

[17] Does not include $135.50 in food and beverage costs charged to hotel room.
[18] Does not include $16.40 in food and beverage costs charged to hotel room.
[19] Does not include $16.00 in food and beverage costs charged to hotel room.
[20] Does not include $27.60 in food and beverage costs charged to hotel room.
[21] Does not include $24.25 in food and beverage costs charged to hotel room.
[22] Does not include $22.00 in food and beverage costs charged to hotel room.
[23] Does not include $6.25 in food and beverage costs charged to hotel room.
[24] Does not include $19.00 in food and beverage costs charged to hotel room.
[25] Includes conference room rental for depositions of Matt Collins, Wes Anderson, and Nancy Ahern.
[26] Does not include $3.00 in food and beverage costs charged to hotel room.

| Dates | Occupant(s) | Purpose | Cost |
|---|---|---|---|
| 2/21/18-2/23/18 | CWB | Motions Hearing | $227.63[28] |
| 3/13/18-3/15/18 | JDM | Ed Baker Deposition | $569.70[29] |
| 5/21/18-5/24/18 | WGJ | Motions Hearing | $611.62[30] |
| 5/21/18-5/23/18 | CWB | Motions Hearing | $397.90[31] |
| 5/21/18-5/24/18 | JJL | Motions Hearing | $585.72 |
| 10/17/18-11/5/18 | Board Room | Board Room for Trial | $2,100.00 |
| 10/17/18-11/7/18 | WGJ | Trial | $3,657.97[32] |
| 10/17/18-11/6/18 | JDM | Trial | $2,584.85[33] |
| 10/17/18-11/6/18 | CWB | Trial | $2,581.25[34] |
| 10/17/18-11/7/18 | NJM | Trial | $2,712.72[35] |
| 10/17/18-11/6/18 | JJL | Trial | $2,549.15[36] |
| 10/19/18-11/6/18 | Client | Trial | $2,327.94 |
| 10/21/18-10/22/18 | John Demello (Witness) | Trial | $127.19 |
| 10/21/18-10/23/18 | Matt Roth (Witness) | Trial | $225.49 |
| 10/28/18-10/29/18 | Mike Smith (Witness) | Trial | $118.63 |
| | | **TOTAL** | **$28,682.49** |

### c. Legal Research Databases

The costs of on-line legal research systems such as WestLaw or PACER are also properly awarded to a prevailing party as part of a fee-shifting mechanism as utilized under the FRSA. *See Trustees of Const.*

---

[27] Does not include $46.50 in food and beverage costs charged to hotel room.

[28] Does not include $16.95 in food and beverage costs charged to hotel room.

[29] Does not include $73.60 in food and beverage costs charged to hotel room.

[30] Does not include $35.25 in food and beverage costs charged to hotel room.

[31] Does not include $20.00 in food and beverage costs charged to hotel room.

[32] Does not include $152.10 in food and beverage or valet costs charged to hotel room not otherwise credited against account.

[33] Does not include $173.95 in food and beverage costs charged to hotel room.

[34] Does not include $26.00 in food and beverage costs charged to hotel room not otherwise credited against account.

[35] Does not include $179.60 in food and beverage costs charged to hotel room.

[36] Does not include $12.50 in food and beverage costs charged to hotel room.

*Industry & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d

1253 (9th Cir. 2006).  While the Eighth Circuit has concluded that costs of

on-line research is overhead not necessarily attributable to one's opponent,

*see Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993),

the Ninth Circuit has rejected such an approach.  *See Trustees of Const.*

*Industry*, 460 F.3d at 1258-59.  To date, Wooten has incurred $178.40 in

PACER research fees[37] and an additional $36,473.78[38] in WestLaw research

fees in connection with litigation of this file.  Wooten therefore requests that

the Court award an additional **$36,652.18** to recoup these expenses.

d.  *Transcript & Videographer Expenses*

Receipts detailing these expenses are attached as Exhibit N hereto,

and are summarized as follows:

| Dates | Vendor | Description | Cost |
|-------|--------|-------------|------|
| 6/22/2017 | Atkinson-Baker, Inc. | Videographer for Rick Stauffer Deposition | $1,335.00 |
| 6/26/2017 | Veritext Legal Solutions | Videographer for Zac Wooten Deposition | $482.14 |

---

[37] *See* Exhibit L hereto.

[38]  The WestLaw billing records (attached as Exhibit M hereto) track billing in two separate ways: (1) Standard Charge, which reflects the cost of doing the research in a pay-as-you-go format; and (2) Special Pricing Charge, which reflects the cost of the research done prorated to account for YJB's full-coverage plan.  As detailed in the Exhibit, this figure represents the total for September 2016 (the first month for which records are available) to November 14, 2018, using the lower of the two figures for the applicable time periods searched.  Billing records for November 2016, February 2017, and April 2017 reflected no charges related to the Wooten matter, and therefore are not included.

| Dates | Vendor | Description | Cost |
|---|---|---|---|
| 6/27/2017 | Atkinson-Baker, Inc. | Videographer for James Pino Deposition | $335.00 |
| 8/7/2017 | Atkinson-Baker, Inc. | Videographer for Dan Fransen Deposition | $1,306.50 |
| 8/10/2017 | Atkinson-Baker, Inc. | Transcript for Douglas Portsche Deposition | $525.00 |
| 10/10/2017 | Agamenoni & Frank Court Reporting | Transcript for Wes Anderson Deposition | $218.40 |
| 12/18/2017 | Atkinson-Baker, Inc. | Videographer for Charles Sullivan Deposition | $735.00 |
| 12/19/2017 | JoAnn Bacheller | Transcript for Court Hearing | $276.00 |
| 12/20/2017 | Veritext Legal Solutions | Videographer for Mark Voelker Deposition | $455.00 |
| 12/20/2017 | Asa & Gilman Reporting, Inc. | Transcript for Mark Voelker Deposition | $742.50 |
| 12/21/2017 | Asa & Gilman Reporting, Inc. | Transcript for Ryan Hedgecock Deposition | $249.75 |
| 12/21/2017 | Asa & Gilman Reporting, Inc. | Transcript for Brent Wetsch Deposition | $360.00 |
| 12/21/2017 | Veritext Legal Solutions | Videographer for Ryan Hedgecock Deposition | $130.00 |
| 12/21/2017 | Veritext Legal Solutions | Videographer for Greg Smith Deposition | $130.00 |
| 12/21/2017 | Veritext Legal Solutions | Videographer for Brent Wetsch Deposition | $224.50 |
| 1/9/2018 | Veritext Legal Solutions | Videographer for Michael Hart Deposition (Part 1) | $98.40 |
| 1/9/2018 | Atkinson-Baker, Inc. | Transcript for Michael Hart Deposition (Part 1) | $3,152.90 |
| 1/9/2018 | Debbie Cook | Transcript for Court Hearing | $92.15 |
| 1/16/2018 | Esquire Deposition Solutions | Videographer for John David Engle Deposition | $75.00 |
| 1/16/2018 | Esquire Deposition Solutions | Transcript for John David Engle Deposition | $530.50 |

| Dates | Vendor | Description | Cost |
|---|---|---|---|
| 1/24/2018 | Depo International | Videographer for Laurence Fernandes Deposition | $1,076.25 |
| 1/25/2018 | Atkinson-Baker, Inc. | Transcript for Michael Hart Deposition (Volume 2) | $1,393.95 |
| 1/26/2018 | U.S. Legal Support | Videographer for Toby Hayes Deposition | $425.71 |
| 1/26/2018 | U.S. Legal Support | Transcript for Toby Hayes Deposition | $853.60 |
| 2/27/2018 | Lexitas | Videographer for Levoy Little Deposition | $315.00 |
| 2/27/2018 | Lexitas | Transcript for Levoy Little Deposition | $323.98 |
| 3/13/2018 | Video Scope | Videographer for Jeffrey Husband Deposition | $50.00 |
| 3/13/2018 | Integrity Court Reporting | Transcript for Jeffrey Husband Deposition | $270.55 |
| 3/14/2018 | Seattle Deposition Reporters LLC | Videographer for Edward Baker Deposition | $115.00 |
| 3/14/2018 | Seattle Deposition Reporters LLC | Transcript for Edward Baker Deposition | $512.00 |
| 3/19/2018 | Veritext Legal Solutions | Transcript for George Gavalla Deposition | $901.63 |
| 5/17/2018 | Depo International | Transcript for Barry Wunker Deposition | $2,179.55 |
| 5/21/2018 | Depo International | Videographer for Rance Randle Deposition | $1,146.25 |
| 5/21/2018 | Depo International | Transcript for Rance Randle Deposition | $2,716.65 |
| 5/22/2018 | JoAnn Bacheller | Transcript for Court Hearing | $191.10 |
| 5/23/2018 | Mary Sullivan | Transcript for Court Hearing | $177.45 |
| 5/30/2018 | Depo International | Transcript for Daniel Flatten Deposition | $883.50 |
| 5/30/2018 | Depo International | Transcript for Mark Premrock (Fed. R. Civ. P. 30(b)(6)) Deposition | $1,111.25 |
| 6/1/2018 | Atkinson-Baker, Inc. | Transcript for Linda Harvey Deposition | $1,902.15 |

| Dates | Vendor | Description | Cost |
|-------|--------|-------------|------|
| 6/1/2018 | Asa & Gilman Reporting | Videographer & Transcript for Nick Palicz Deposition | $364.25 |
| 11/6/2018 | JoAnn Bacheller | Real Time Transcript for Defendant's Opening Statement & Testimony of Charles Bain | $69.30 |
| | | **TOTAL** | **$28,432.86** |

*e. Total Litigation Expenses*

Based on the foregoing, Wooten respectfully asks this Court to award non-taxable costs in the amount of **$128,658.22**, broken down as follows:

| Description | Reference | Cost |
|-------------|-----------|------|
| Postage & Shipping | *Supra*, § III(a); Exhibit E | $1,281.62 |
| Air Travel | *Supra*, § III(b); Exhibit F | $18,141.50 |
| Meals (Per Diem) | *Supra*, § III(b); Exhibit I | $11,751.50 |
| Ground Travel | *Supra*, § III(b); Exhibit J | $3,716.07 |
| Hotels | *Supra*, § III(b); Exhibit K | $28,682.49 |
| PACER | *Supra*, § III(c); Exhibit L | $178.40 |
| WestLaw | *Supra*, § III(c); Exhibit M | $36,473.78 |
| Transcript & Videographer Expenses | *Supra*, § III(d); Exhibit N | $28,432.86 |
| | **TOTAL** | **$128,658.22** |

## IV.   Expert Witness Fees

The FRSA specifically allows a prevailing employee to recover expert witness fees.  49 U.S.C. § 20109(e)(2)(C).  The statute makes no distinction between testifying and non-testifying experts.  Wooten incurred expert witness fees from a number of expert witnesses, as detailed in the table

below.[39]   These fees were reasonable and necessary for the prosecution of this case, and Wooten therefore respectfully asks the Court to award these fees pursuant to the statute.

| Expert Witness | Reference | Total Fee |
|---|---|---|
| Authentic, Inc. | Exhibit O, pg. 1 | $1,695.00 |
| Edward Baker | Exhibit O, pg. 2-4 | $19,032.50 |
| Karen Black | Exhibit O, pg. 5-8 | $6,971.52 |
| John Carney | Exhibit O, pg. 9-26 | $31,800.00 |
| John David Engle | Exhibit O, pg. 27-29 | $8,419.07 |
| George Gavalla | Exhibit O, pg. 30-33 | $17,003.82 |
| Dr. Wilson "Toby" Hayes | Exhibit O, pg. 34-57 | $92,276.22 |
| Dr. Jeffrey Husband | Exhibit O, pg. 58-62 | $18,456.05 |
| Levoy Little | Exhibit O, pg. 63-65 | $11,541.35 |
| Jeffrey Opp | Exhibit O, pg. 66-70 | $13,544.74 |
| Dr. William Stratford (Consulting) | Exhibit O, pg. 71 | $9,350.00 |
| Dr. Charles Sullivan | Exhibit O, pg. 72-75 | $7,750.00 |
| Diane Wiley (Consulting) | Exhibit O, pg. 76 | $6,267.50 |
| | **Total** | **$244,107.77** |

## CONCLUSION

Wooten has incurred significant attorneys' fees and costs in litigating his claim against the railroad based on its unlawful termination of his employment.   As the prevailing party, Section 20109(e) entitles Wooten to an award of such fees and costs.   Wooten therefore respectfully asks this Court to award him $1,285,520.92 in attorneys' fees; $128,658.22 in non-

---

[39] Where applicable, hotel rooms for experts are included in this section rather than under Travel Expenses, *supra* § III(b).   Folios for expert hotel rooms are included in the exhibits detailing the appropriate expert-witness fees.

taxable costs and litigation expenses; and $244,107.77 in expert witness fees, for a total of **$1,658,286.91**, plus whatever costs have been submitted with the Bill of Costs but are deemed to be non-taxable under Fed. R. Civ. P. 54.

Respectfully Submitted,

Dated: <u>November 21, 2018</u>

By: <u>*/s/ Christopher W. Bowman*</u>
William G. Jungbauer, #3223
John D. Magnuson, #34217502
Christopher W. Bowman, *pro hac vice*
Yaeger & Jungbauer Barristers, PLC
4601 Weston Woods Way
Saint Paul, MN 55127
T: (651) 288-9500
F: (651) 288-0227
E: wjungbauer@yjblaw.com
  jmagnuson@yjblaw.com
  cbowman@yjblaw.com

*Attorneys for Plaintiff Zachary Wooten*

**EXHIBIT INDEX**

Pursuant to D. Mont. L.R. 7.1(d)(2)(C), Wooten submits the following

Exhibit Index, designating the exhibits attached and incorporated into his

Brief in Support of Motion for Attorneys' Fees and Non-Taxable Costs.

| Exhibit | Description |
|---------|-------------|
| A | Declaration of William G. Jungbauer in Support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs |
| B | Declaration of John D. Magnuson in Support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs |
| C | Declaration of Christopher W. Bowman in Support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs |
| D | Declaration of Michael P. McReynolds in Support of Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs |
| E | Index of Litigation Expenses – Shipping Costs |
| F | Index of Litigation Expenses – Air Travel |
| G | *Wallis v. BNSF Ry. Co.*, No. 2:13-CV-40-TSZ, ECF No. 136 (W.D.Wash. April 23, 2014) |
| H | Excerpt from Transcript of Proceedings on August 23, 2016, *Rookaird v. BNSF Ry. Co.*, No. C14-176-RSL (W.D.Wash.) |
| I | Per Diem Rates from U.S. General Services Administration |
| J | Index of Litigation Expenses – Ground Travel |
| K | Index of Litigation Expenses – Hotel Expenses |
| L | Index of Litigation Expenses – PACER Expenses |
| M | Index of Litigation Expenses – WestLaw Expenses |
| N | Index of Litigation Expenses – Court Reporter Expenses |
| O | Invoices from Expert Witnesses |
| P | *O'Neal v. Norfolk Southern R.R. Co.*, No. 5:16-CV-519, ECF No. 103 (M.D.Georgia Nov. 15, 2018) |

## CERTIFICATE OF COMPLIANCE

Pursuant to D.Mont. L.R. 7.1(d)(2)(E), I certify that this brief is in compliance with D.Mont. L.R. 7.1(d)(2), it containing 5,096 words (as calculated by the word count utility of the word-processing system used to prepare the brief), exclusive of any caption, certificate of services, certificate of compliance, table of contents, table of authorities, and exhibit index.

DATED this 21st day of November 2018

By: */s/ Christopher W. Bowman*
William G. Jungbauer
John D. Magnuson
Christopher W. Bowman
Yaeger & Jungbauer Barristers, PLC
4601 Weston Woods Way
Saint Paul, MN 55127